Appeal of **HICKORY SPINNING CO.**      Docket No. 367.

> The Board has jurisdiction, in reviewing a deficiency determined by the Commissioner, to review his determination of tax due from the taxpayer under the Act entitled " 'An Act to provide revenue, equalize duties, and encourage the industries of the United States, and for other purposes,' approved August 5, 1909, the Act entitled 'An Act to reduce tariff duties and to provide revenue for the Government, and for other purposes,' approved October 3, 1913, the Revenue Act of 1916, the Revenue Act of 1917, the Revenue Act of 1918, or the Revenue Act of 1921, or any such Act as amended," insofar as his determination under such Acts may affect the deficiency asserted by him under the Revenue Act of 1916, the Revenue Act of 1917, the Revenue Act of 1918, and the Revenue Act of 1921, or under any such Act as amended, and under the Revenue Act of 1924.

Submitted January 15, 1925; decided January 28, 1925.

*George R. Dobie, C. P. A.*, for the taxpayer.

*Willis D. Nance, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before JAMES, STERNHAGEN, TRAMMELL, and TRUSSELL.

JAMES: The Commissioner, by a letter dated August 13, 1924, notified the taxpayer that he had determined a deficiency in income and

profits tax for the years 1918 and 1919, amounting to the sum of $8,040, and in the same letter had determined an overassessment as to the years 1917 and 1920, in the sum of $215.50. From this determination the taxpayer took its appeal, alleging that the determination of the Commissioner is erroneous in the amount of tax asserted to be due as to all years above mentioned, by reason of disallowances in part for each of such years of deductions claimed by the taxpayer for exhaustion, wear, and tear of property used in its trade or business. The Commissioner has interposed a plea in bar of that portion of the appeal relating to the years 1917 and 1920, as follows:

(a) There has not, since the enactment of the Revenue Act of 1924, been a determination by the Commissioner that a deficiency tax is due from the taxpayer for the years 1917 and 1920, but on the contrary, there has been a determination by the Commissioner that overassessments are due to the taxpayer for the years 1917 and 1920.

(b) The Commissioner has not, since the enactment of the Revenue Act of 1924, proposed an additional assessment against the taxpayer for the years 1917 and 1920.

The jurisdiction conferred upon the Board as to appeals from the determination of the Commissioner in the instant case is provided in section 280 of the Revenue Act of 1924, reading in full as follows:

Sec. 280. If after the enactment of this Act the Commissioner determines that any assessment should be made in respect of any income, war-profits, or excess-profits tax imposed by the Revenue Act of 1916, the Revenue Act of 1917, the Revenue Act of 1918, or the Revenue Act of 1921, or by any such Act as amended, the amount which should be assessed (whether as deficiency or as interest, penalty, or other addition to the tax) shall be computed as if this Act had not been enacted, but the amount so computed shall be assessed, collected, and paid in the same manner and subject to the same provisions and limitations (including the provisions in case of delinquency in payment after notice and demand) as in the case of the taxes imposed by this title, except as otherwise provided in section 277.

The appeal is, in all essentials, the same as that presented in *Barry's Appeal*, 1 B. T. A. 156. Upon that decision alone the Commissioner's plea here must be overruled. But it is perhaps not improper to indicate the results which would follow any other course. The taxpayer appeals here from the disallowance of certain deductions for exhaustion, wear, and tear for the years 1917 to 1921, inclusive. If the Board should limit its decision to the particular years as to which the Commissioner asserts a deficiency and should uphold the taxpayer therein, it could not " determine that any assessment should be made " and additional tax collected in pursuance of such assessment for the simple reason that section 281 of the Revenue Act of 1924 provides that all or any overpayments under the acts from 1909 to 1921 shall be credited against any income or profits taxes due from the taxpayer. Thus, if we should limit our determination of the appeal to the years 1918 and 1919, for which deficiencies are asserted by the Commissioner, and for those years we should find that the deficiencies are only partly correct, we could not determine the assessment to be made as provided by section 280, for we would not be in position to determine the extent of the credits provided by section 281.

The computation of the profits tax does not and can not stand alone for any one year. Such tax for each year is necessarily dependent upon the income and tax of the preceding year by which

the profits-tax credits are determined. Moreover, the net loss provisions of the Act of 1918 (sec. 204) necessarily link together the years 1918, 1919, and 1920. No one of these years, 1917 to 1921, can be separated from the others and its tax independently computed. Likewise, the deficiency for each year must depend upon the other years, for as has just been stated only deficiencies in excess of overpayments may be determined. If credits for overpayments in earlier years are due the taxpayer, it is entitled, if properly pleaded, to have them offset against any proper deficiency for another year before being required to pay an additional amount.

The taxpayer in the instant appeal claims to be entitled to an allowance for exhaustion, wear, and tear of property in excess of that allowed by the Commissioner for each and all of the years 1917 to 1920. In other words, it claims that the Commissioner has overstated its net income for each of those years with the resultant overcomputation of tax. This signifies in the first place that a determination by the Board, if made, sustaining the taxpayer's position in regard to one year, must necessarily apply to all. If, as we have stated, section 280 contemplates that the Board shall determine the true deficiency due from the taxpayer, we must necessarily compute and aggregate the correct amount of taxes for each of these several years, subtract therefrom the taxes heretofore assessed for each of such years, and the difference between these two sums represents the taxpayer's true deficiency under the provisions of section 280.

But with respect to each and all of the years from 1917 to 1921, inclusive, the computation of the tax liability is dependent, in case profits taxes are due in any year, upon invested capital as well as upon net income for the year for which the tax computation is to be made. The invested capital in turn is determined from a correct balance sheet of which a correct statement of the depreciation and tax of the previous year, or years, is an essential part. It follows, therefore, that if for the year 1917 the taxpayer is entitled to more depreciation as a deduction from income than has been allowed by the Commissioner, its invested capital for the year 1918 is less than that computed by the Commissioner, and the tax for the year 1918, in which a deficiency is asserted, is therefore dependent upon a computation of a true tax for the year 1917. The substance of the Commissioner's contention here with respect to the jurisdiction of the Board, is that the Board may properly determine the true deficiency for the year 1918, but may not properly determine the true tax for the year 1917. This cannot be reconciled with the fact that the computation of the true net income and the true tax for the year 1917 must precede the computation of the true tax and the true deficiency for the year 1918.

We believe the position here taken by the Commissioner leads to complications in the computation of tax not contemplated by the provisions of section 280 and section 900 of the Revenue Act of 1924. In appealing to the Board the taxpayer appeals from a deficiency asserted by the Commissioner as an amount which he should properly be permitted to assess and collect from the taxpayer, in addition to all taxes theretofore assessed. Before being subjected to an additional assessment and before being required to pay an additional tax, it is the opinion of the Board that the tax-

payer is entitled to a determination that it actually owes taxes over and above the taxes which have already been assessed against it. It is entitled to a correct computation of that tax by the Board acting with all the facts which proper pleadings bring before it. Up to the amount of the deficiency asserted by the Commissioner, this view does not involve any question of a refund to the taxpayer, or a finding that a refund is due. It involves only the determination of the amount of a deficiency alleged to be due. This is clearly the duty imposed upon this Board by the Revenue Act of 1924.

The appeal will be restored to the general calendar.